No. DA 06-0272

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 351N

SHERMAN P. HAWKINS, RONALD
ENFINGER and RICHARD P. HALL,

      Petitioners and Appellants,

   v.

RICK DAY, et al.,

      Respondents and Respondents.

APPEAL FROM:    The District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV 96-24,
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Sherman P. Hawkins, pro se, Deer Lodge, Montana

          Richard P. Hall, pro se, Deer Lodge, Montana

      For Respondents:

          Valerie D. Wilson, Special Assistant Attorney General, Helena, Montana

Submitted on Briefs:  December 20, 2006

Decided:  December 27, 2006

Filed:

_____
                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Sherman P. Hawkins (Hawkins) and Richard Hall (Hall) appeal from the order of the Third Judicial District Court, Powell County, denying their motion for summary judgment and granting Respondents' motion for summary judgment in regard to Appellants' petition for declaratory judgment.[1]  We affirm.

¶3      On March 18, 1996, Appellants Hawkins and Hall filed a petition for declaratory judgment seeking an order declaring Montana's dangerous offender designation "abolished and repealed."  The Appellants, inmates at the Montana State Prison, requested the court to order the Respondents to "cease and desist in their use of the dangerous offender statute" in determining the Appellants' parole eligibility in light of the Legislature's repeal of § 46-18-404, MCA.

¶4      On March 27, 2006, after reviewing the submitted briefs and the case file, the District Court granted summary judgment to the Respondents.  Relying on *State v. Finley*, 276 Mont. 126, 915 P.2d 208 (1996) (holding that the law in effect at the time of the commission of the crime controls as to the possible sentence), the District Court

---

[1]Ronald Enfinger did not file a notice of appeal.

concluded that the Appellants were sentenced under § 46-18-404, MCA, the applicable law in effect at the time, and thus the sentencing court was required to designate the Appellants as dangerous offenders if they met the requirements for such designation.[2] Moreover, the court concluded that, although § 46-18-404, MCA, was repealed in 1995, the repeal did not require courts to re-visit each sentence and remove the dangerous offender designation.

¶5     We review a grant of summary judgment de novo. *Grimsrud v. Hagel*, 2005 MT 194, ¶ 14, 328 Mont. 142, ¶ 14, 119 P.3d 47, ¶ 14 (citing *Farmers Union Mutual Ins. Co. v. Staples,* 2004 MT 108, ¶ 18, 321 Mont. 99, ¶ 18, 90 P.3d 381, ¶ 18).

> Our evaluation is the same as that of the trial court. *Staples,* ¶ 18. We apply the criteria contained in Rule 56, M.R.Civ.P. *Staples,* ¶ 18. According to this rule, "[t]he moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Staples,* ¶ 18. If this is accomplished, "the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist." *Staples,* ¶ 18. If the court determines that no genuine issues of fact exist, "the court must then determine whether the moving party is entitled to judgment as a matter of law." *Staples,* ¶ 18. We review legal determinations made by a district court to determine whether the conclusions are correct. *Staples,* ¶ 18.

*Grimsrud*, ¶ 14.

---

[2]The District Court found that Appellant Hall was never declared to be a dangerous offender and did not have standing to challenge a dangerous offender designation. Hall had apparently failed to provide the District Court with a copy of his judgment, his cause number or his offender number, and, therefore, the District Court's finding was based on its review of the judgments of another offender named Richard Hall. However, Appellants' attach to their briefing a document indicating that Hall was designated as a dangerous offender pursuant to § 46-18-404, MCA. The Respondents do not dispute the authenticity of this judgment or this Court's authority to take judicial notice of Hall's judgment at this stage of the proceeding.

3

¶6    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit; the District Court's grant of summary judgment for the Respondents was appropriate as they proved the absence of genuine issues of material fact and that they were entitled to judgment as a matter of law.

¶7    We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS

4